

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4615

Re: Under the facts submitted
would the sheriff of Concho
County be authorized to re-
ceive any compensation for
going to El Reno, Oklahoma,
and returning the prisoner
to Paint Rock, Concho County,
or to Huntsville, Texas, and
a related question?

We have your letter of recent date requesting the
opinion of this department on the questions stated therein
which reads as follows:

"I am enclosing file of correspondence re-
ceived from H. G. Stephenson, Sheriff of Concho
County.

"I will thank you to examine this file and
advise Mr. Stephenson whether or not he would be
authorized to receive pay for going to El Reno,
Oklahoma and returning the prisoner to Paint Rock,
Concho County, or to Huntsville, Texas. If not,
then what is the position of Texas with reference
to obtaining this prisoner?"

A letter bearing date of April 24, 1942, written
by Mr. H. G. Stephenson, sheriff of Concho County, addressed
to Mr. W. O. Beall, of the State Comptroller's Department,
pertaining to the above mentioned matter, reads in part as
follows:

"You remember the case of G. L. Cooper who
was tried by the Federals and given a Sentence in
the Federal Pen at El Reno Oklahoma, where he is
now serving that sentence, and was also tried in

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

> this County and given a three year sentence in the State Pen at Huntsville. The Federal Authorities have notified us that He will be released there soon and would like to know whether we would come there for him; Now here is the point, I want to know if I would get pay for going there and delivering him to Huntsville, and what will be the necessary procedure.
>
> ". . . ."

We have considered the various statutes providing fees or compensation for sheriffs for services performed by them as such in connection with the above stated questions. We have also considered the statutes imposing various duties upon sheriffs. However, we have failed to find any statute authorizing or imposing the duty upon the sheriff in question to go to El Reno, Oklahoma, and return the prisoner to Paint Rock, Concho County, or to Huntsville, Texas. Therefore, it would naturally follow that there is no statute providing any fee or compensation for such service. In accord with former opinions of this department, in any event, the State is not authorized to pay the sheriff any fee or compensation for transporting the prisoner from Paint Rock, Texas, or from El Reno, Oklahoma, to the State Prison System at Huntsville, Texas.

Title 14 (Articles 997-1008, inclusive), Vernon's Annotated Code of Criminal Procedure, pertains to fugitives from justice, extradition, etc. In view of the above mentioned statutes, and the cases of Ex parte Morris, 101 S. W. (2d) 259, certiorari denied, 57 S. Ct. 930, 301 U. S. 700, 81 L. Ed. 1355; and Ex parte Garvey, 112 S. W. (2d) 747, the prisoner in question, under the holdings in these cases and the above stated facts, would be a fugitive from justice subject to extradition. In the event prisoner waives extradition, the sheriff of Concho County would have no authority to go for said prisoner and return him to Concho County or to receive any compensation for such services. If the prisoner waives extradition, a Texas Ranger may be sent for the prisoner with instructions to deliver him to the penitentiary at Huntsville, Texas.

If this prisoner refuses to waive extradition, the Governor may, upon proper application, issue his requisition

Honorable George H. Sheppard, Page 3

for the return of the prisoner and commission any suitable person to take such requisition. The prisoner, if brought back to the State by some person who has been commissioned, other than the sheriff, the prisoner shall be delivered up to the sheriff of the county in which it is alleged he has committed the offense. The Governor is duly authorized to commission the sheriff of Concho County to return the prisoner in this case. (See the case of Brightman v. Sheppard, 59 S. W. (2d) 112.)

Article 1006, Vernon's Annotated Code of Criminal Procedure, provides:

"The officer or other person so commissioned shall receive as compensation the actual and necessary traveling expense upon requisition of the Governor to be allowed by such Governor to be paid out of the State Treasury upon a certificate of the Governor reciting the services rendered and the allowance therefor."

The Brightman case, supra, among other things holds in effect that the compensation of an officer or other person commissioned by the Governor to return a fugitive from another state is determinable by the Governor, as against a claim to statutory mileage in going to the state line and returning from such point with the fugitive.

In view of the foregoing, it is our opinion that if the prisoner refuses to waive extradition and the sheriff of Concho County is commissioned by the Governor to return the prisoner to this State, the sheriff would have to return the prisoner to Concho County, and may be paid his actual and necessary traveling expenses as provided for by Article 1006, supra. It is our further opinion that the sheriff could not be compensated for bringing the prisoner from El Reno, Oklahoma, to the Texas Prison System at Huntsville.

In accordance with your request, we are returning herewith the attached file.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED JUN 3 1942

_Gerald C. Mann_

ATT'Y... ... TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN

AW:mp